UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA AIRES V. TABULA,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK; CALIFORNIA RECONVEYANCE CORPORATION; QUALITY LOAN SERVICE CORPORATION; EQUITY CAPITAL REAL ESTATE; MAUREEN CONNOR; and DOES 1-50,<br><br>Defendants. | Case No. 12-CV-03154-LHK<br><br>ORDER TO SHOW CAUSE |

Plaintiff filed her complaint in the instant action in the Superior Court of California, County of Santa Clara on or about May 10, 2012. ECF No. 1-1. Plaintiff named as Defendants Washington Mutual Bank, California Reconveyance Corp., Quality Loan Service Corp., Equity Capital Real Estate, Maureen Connor, and Does 1-10. JP Morgan Chase Bank, N.A., acquired certain assets and liabilities of Washington Mutual and represents Washington Mutual's interests it in this litigation. ECF No. 1 at 1.

On May 18, 2012, Defendants JP Morgan and California Reconveyance Corp. ("Removing Defendants") removed this action from the California Superior Court for the County of Santa Clara, asserting jurisdiction under 28 U.S.C. §§ 1331 as grounds for removal. *See* ECF No. 1 ("Notice of Removal"). The case was initially assigned to Magistrate Judge Grewall but both

1

Case No.: 12-CV-02425-LHK
ORDER TO SHOW CAUSE

1   Removing Defendants and Plaintiff declined to proceed before a Magistrate Judge.  The case was
2   reassigned to the undersigned Judge on July 6, 2012.
3          On July 24, 2012, Removing Defendants filed a notice of withdrawal of notice of removal.
4   ECF No. 21.  Removing Defendants stated that they were unaware that Co-Defendants Maureen
5   Connor and Equity Capital Real Estate ("Co-Defendants") had been served at the time the Notice
6   of Removal was filed.  *Id.*  Removing Defendants contended that removal was, therefore, improper.
7   *Id.*
8          In light of the removal issue, all parties were ordered to meet and confer regarding how this
9   case should proceed.  ECF No. 22.  The parties were further ordered to file a joint status report by
10  July 30, 2012.  *Id.*  If agreement was reached as to how to proceed, the Court ordered that
11  Removing Defendants file, in addition to the joint status report, a stipulated proposed order signed
12  by all parties.  *Id.*  In the event no agreement was reached, the parties were limited to three pages in
13  the joint status report.
14         On July 30, 2012, Removing Defendants and Co-Defendants (collectively "Defendants")
15  filed a Joint Status Report as well as a Stipulation to Remand Action to State Court.  ECF Nos. 24
16  and 25.  Defendants stated that they attempted to contact Plaintiff to obtain Plaintiff's consent to
17  the remand, but that they have been unsuccessful because Plaintiff's telephone has been
18  disconnected.  ECF. No. 25.[1]

---

[1] Defendants also stated that they contacted Quality and that Quality has stated that it does not intend to take a position on whether remand is appropriate because it is only a nominal party to this action. ECF No. 25.  Quality has filed a Declaration of Non-Monetary Status stating that it is merely the trustee to the Deed of Trust at issue in this suit and therefore is not required to participate further in the matter.  ECF No. 23.

2

Case No.: 12-CV-02425-LHK
ORDER TO SHOW CAUSE

1    In light of Plaintiff's failure to meet and confer with Defendants regarding the remand issue
2 and her failure to file her portion of the joint status report, the Court hereby ORDERS Plaintiff to
3 show cause by September 10, 2012, why this case should not be dismissed for failure to prosecute.
4 A hearing on this Order to Show Cause shall be held on September 19, 2012 at 2:00 p.m.
5 Plaintiff's failure to respond to this Order and to appear at the September 19, 2012 hearing will
6 result in dismissal of this action with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: August 27, 2012

_____
LUCY H. KOH
United States District Judge